UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENVER IVAN WILSON,

    Plaintiff,

v.                                            Case No. 6:07-cv-1293-Orl-28KRS

JILL FARRIS, et al.,

    Defendants.
_____

**ORDER**

This case is before the Court on the following motions and matter:

1.    Defendants filed a Motion for Leave to File an Answer and Memorandum of Law (Doc. No. 14, filed December 3, 2007). In support of the motion, Defendants assert that "defense counsel mistakenly believed the Defendants were not properly served, as counsel believed the Defendants received only a Notice of Lawsuit and Request for Waiver of Summons from the Plaintiff." (Doc. No. 14 at 2.) On November 29, 2007, defense counsel became aware that the summons and complaint had been properly served on Defendants Nicole Robinson, Brian Tooley, Stacie Cabello-Richardson, and Randy Smith. *Id.* Defendants maintain that defense counsel's mistaken belief that service had not been effectuated constitutes excusable neglect and request that they be allowed to file a late answer to the complaint.

Rule 6(b) of the Federal Rules of Civil Procedure provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To establish excusable neglect, "the defaulting party must show that: (1) it had a

meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)). "With respect to the third element, 'a technical error or a slight mistake' by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Id.* (citing *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (per curiam)).

In support of their motion, Defendants filed a proposed answer wherein they assert numerous affirmative defenses, which may be meritorious. Moreover, it does not appear that granting the motion would prejudice Plaintiff who is currently incarcerated. Finally, the Court finds that Defendants have established excusable neglect for their failure to timely file an answer. Accordingly, Defendants' Motion for Leave to File an Answer and Memorandum of Law (Doc. No. 14) is **GRANTED**.

The **Clerk of the Court** is hereby directed to docket Defendants Tooley, Farris, Robinson, Cabello-Richardson, and Smith's Answer and Affirmative Defenses (Doc. No. 14-3) as a separate docket entry.

    2.    Plaintiff's Applications for Default Judgment (Doc. Nos. 15, 16, 17, & 18, filed December 5, 2007), premised on Defendants' failure to respond to the complaint, are hereby **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this <u>13th</u> day of December, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 12/13
Denver Ivan Wilson
Counsel of Record