# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DENVER IVAN WILSON,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1293-Orl-28KRS**

**JILL FARRIS, NICOLE ROBINSON,
STACIE CABELLO RICHARDSON,
RANDY SMITH, BRIAN TOOLEY,**

      **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO COMPEL BETTER ANSWERS TO INTERROGATORIES (Doc. No. 35)**
>
> **FILED:** January 18, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Defendants propounded interrogatories to Plaintiff on January 8, 2008, and Plaintiff responded thereto. Defendants now seek an order compelling Plaintiff to provide more complete responses to interrogatories 1, 7, 13, 16, 18, and 19.

Under the local rules of this Court, a response to the motion was due on February 7, 2008. As of the writing of this Order, no response has been filed. Accordingly, I consider the motion to be unopposed. Because Plaintiff did not file a response to the motion, I also find that he has abandoned

the various objections[1] he asserted in his answers to the interrogatories by failing to support them in a timely response to the motion to compel.  Therefore, the motion to compel is **GRANTED**.

Accordingly, it is **ORDERED** that, on or before July 31, 2008, Plaintiff shall mail to counsel for Defendants sworn amended answers to interrogatories numbers 1, 7, 13, 16, 18 and 19.  Plaintiff must provide the information requested in each interrogatory without stating objections to the interrogatories.  The time for asserting objections has passed.  Failure to comply with this Order may result in sanctions, which could include dismissal of the case.  *See* Fed. R. Civ. P. 16(f).

Defendants also seek an award of the reasonable expenses, including attorneys' fees, they incurred in filing the motion.  Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, incurred in filing the motion unless the movant filed the motion before attempting in good faith to obtain the discovery without court action.  Defendants state that they were unable to confer with Plaintiff because he is incarcerated.  While the Court understands the difficulty Defendants face, they must nonetheless confer at least via correspondence before filing motions that require a Local Rule 3.01(g) certification.  Therefore, the request for an award of expenses is **DENIED**.

---

[1] With respect to the work product objection, Plaintiff is advised that the work product doctrine does not protect from disclosure facts known to a party even if acquired in preparation for litigation.  *See Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947)

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties