# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DENVER IVAN WILSON,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:07-cv-1293-Orl-28KRS**

**JILL FARRIS, NICOLE ROBINSON,**
**STACIE CABELLO RICHARDSON,**
**RANDY SMITH, BRIAN TOOLEY,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S MOTION TO COMPEL II (Doc. No. 40)**
>
> **FILED:**        **February 25, 2008**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff submits that he served interrogatories on Defendants Farris, Smith and Tooley on January 8, 2008, and that he served a request for production of documents on Defendants on December 13, 2007. He seeks an order compelling these defendants to provide further answers to certain interrogatories, and he requests production of documents responsive to certain of his production requests. Defendants responded to the motion. I will address each discovery request in turn.

*Interrogatory to Defendant Farris.*

Plaintiff asked Farris to state how many vehicle inventory searches she completed while employed by the Sanford Police Department. Farris responded that she had no independent recollection of the number. Plaintiff relies on *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005), in support of his argument that Farris had a duty to investigate to determine the answer to the interrogatory.

Farris responds that she is no longer employed by the Sanford Police Department. As such, she does not have access to the information necessary to provide a more complete answer to the question. Under these circumstances, Farris's response to the interrogatory was adequate, and the motion to compel a further response is **DENIED**.

*Interrogatories to Defendant Smith.*

Plaintiff asserts that Smith furnished unsworn answers to the interrogatories propounded to him. Smith's counsel states that verified answers have been requested from Smith and will be provided upon receipt.

Federal Rule of Civil Procedure 33(b)(3) provides that each interrogatory must be answered separately and fully in writing under oath to the extent there is no objection to the interrogatory. Smith cites no authority permitting him to avoid the requirements of that rule by submitting unverified answers to be later supplemented by verified answers. Accordingly, the motion to compel Smith to serve sworn answers to the interrogatories is **GRANTED**. It is **ORDERED** that Smith shall serve sworn answer to the interrogatories on or before July 11, 2008.

*Interrogatory to Defendant Tooley.*

Plaintiff asked Tooley whether he had ever been a party to a lawsuit that alleged a constitutional violation of a person's rights under the Fourth or Fourteenth Amendment and, if so, to provide the name of the plaintiff. Tooley objected to the interrogatory as overbroad and not reasonably calculated to lead to the discovery of admissible evidence, among other things.

Tooley's objection is well taken. The interrogatory is not limited by time, and it is not limited to lawsuits in which Tooley was found to have violated a constitutional right of a plaintiff. *Cf. Matthews v. City of Atlanta*, 699 F. Supp. 1552, 1562 n. 12 (N.D. Ga. 1988)(noting that cases that were not concluded or in which no finding was made that a city inadequately trained its police officers were not relevant). Therefore, the motion to compel a further response to this interrogatory is **DENIED**.

Plaintiff further submits that Tooley did not provide sworn answers to other interrogatories to which no objection was asserted. Tooley's attorney did not address this argument in response to the motion. As discussed above, a party has an obligation to serve sworn answer to interrogatories to which no objection has been asserted. Therefore, the motion to compel Tooley to serve sworn answers to the interrogatories is **GRANTED**. It is **ORDERED** that Tooley shall serve sworn answer to the interrogatories on or before July 11, 2008.

*Requests for Production of Documents.*

Plaintiff submits that he requested records of all disciplinary proceedings for Defendant Smith, among others. He asserts that Smith admitted being the subject of an internal investigation, but that no documents were provided. Smith responds that the internal investigation determined the

allegations against him to be unfounded. As such, there were no disciplinary proceedings taken against him. Because Plaintiff asked only for records of disciplinary proceedings, the motion to compel a further response to this request is **DENIED**.

Plaintiff also requested all notes produced by Farris, Smith, Nicole Robinson and Daniel Camargo in relation to Plaintiff's arrest. Defendants respond that they have produced all responsive documents in their possession, custody or control. Accordingly, the motion to compel a further response to this request is **DENIED**.

Finally, Plaintiff requests an award of the costs he incurred in making the motion. Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Local Rule 3.01(g) requires parties to confer before filing motions to compel. There is no certification that Plaintiff attempted to resolve this matter through discussion or correspondence with counsel for Defendants before filing the motion. Therefore, the request for an award of expenses is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties