UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENVER IVAN WILSON,

      Plaintiff,

v.                                    Case No. 6:07-cv-1293-Orl-28KRS

JILL FARRIS, et al.,

      Defendants.

---

## ORDER

This case is before the Court on the following matters:

1.     Plaintiff filed a Written Objection to Magistrate Judge's Order Denying Without Prejudice Motion to Compel. (Doc. No. 110.) Plaintiff objects to the magistrate judge's April 2, 2009, Order which denied Plaintiff's Motion to Compel without prejudice based on defense counsel's representations that the parties had conferred on Plaintiff's motion to compel and seemingly resolved the discovery dispute. (Doc. No. 104.) In the Order, the magistrate judge advised Plaintiff that if he believed that discovery disputes still existed, he could raise such issues in another motion. *Id.*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, within ten days after receiving a nondispositive order issued by a magistrate judge, a party may file objections to the order. The district court must consider the "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Plaintiff's specific objection to the April 2, 2009, Order is that "he would be prejudice [sic] as he is forced to return to the Court with the same issue repeatedly. . . ." (Doc. No. 110 at 2.) Plaintiff has not established that the magistrate judge's April 2, 2009, Order is either "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Accordingly, Plaintiff's Written Objection to Magistrate Judge's Order Denying Without Prejudice Motion to Compel (Doc. No. 110, filed April 13, 2009) is **OVERRULED**.

2. Plaintiff has filed a Renewed Motion to Compel Production of Documents from Defendant Brian Tooley (Doc. No. 109). Plaintiff seeks the Court to compel the production of (1) all performance evaluations and supervisory notes in the employment evaluation system for Jill Farris, Nicole Robinson, Kona Romans, Stacie Cabello Robinson, and Randy Smith for 2003, 2004, and 2005, and (2) all green carbon copies of vehicle impound tow-sheets filed with the City of Sanford Police Department for 2003 and 2004. Defendant Tooley has notified the Court that the requested performance evaluations, which are in the custody of Defendant Tooley, have been provided to Plaintiff. (Doc. Nos. 103, 120.)

Defendant Tooley also filed the affidavit of Cleo Cohen ("Cohen"), the Support Service Supervisor and Records Custodian for the City of Sanford, Florida. (Doc. No. 114-2.) Cohen attests that a good faith effort has been made to comply with Plaintiff's request for tow sheet documents for the period of six non-sequential months between the years of 2004 and 2005, for vehicles that were ultimately impounded and were sealed for processing by crime scene technicians. She states, however, that there is no efficient, affordable, or

reasonable manner to search for these documents because each computer search for each month generates thousands of reports which must then be read to determine if a vehicle was towed in that instance and the hard copy of each case must then be located and read to determine if it meets the criteria for Plaintiff's request. *Id.* Cohen attests that the inspection requested by Plaintiff is extremely burdensome and would require hundreds of hours for the City of Sanford to complete. *Id.* Finally, she avers that after many hours of searching for the pertinent documents, very few, if any, documents exist that would be responsive to Plaintiff's request. *Id.*

The Court concludes that Defendant Tooley has provided Plaintiff with the requested performance evaluations. Defendant Tooley will be bound by his declaration and barred from relying on any responsive documents that he subsequently produces that he should have produced earlier, unless he can show good cause for the earlier incomplete production. *See* Fed. R. Civ. P. 37(a)(3), (c)(1). The Court further finds that Defendant Tooley has demonstrated that Plaintiff's request for tow-sheets is unduly burdensome. Accordingly, Plaintiff's Renewed Motion to Compel Production of Documents from Defendant Brian Tooley (Doc. No. 109, filed April 13, 2009) is **DENIED**, except for a reminder to Defendant Tooley of his ongoing obligation to supplement his discovery responses, as appropriate. *See* Fed. R. Civ. P. 26(e).

3.     Defendants Jill Farris, Brian Tooley, Nicole Robinson, Stacie Cabello Richardson, and Randy Smith ("Defendants") filed a second Motion to Dismiss and Motion to Strike Plaintiff's Claim for Punitive Damages (Doc. No. 99). In support of their motion,

Defendants assert that the instant case should be dismissed because Plaintiff has failed to timely comply with various Court orders and because Plaintiff has had other federal lawsuits which have been deemed frivolous. The Court concludes that dismissal based on these grounds is not appropriate at this time. Plaintiff is advised, however, that future failures to comply with Court orders may result in the dismissal of this action with prejudice without further notice.

Defendants further request the Court to strike Plaintiff's claim for punitive damages. In support of their request, Defendants assert that to the extent Plaintiff is seeking punitive damages against them in their official capacity, such a claim is actually one against the municipality pursuant to 42 U.S.C. § 1983, and therefore, subject to dismissal. Defendants further maintain that to the extent Plaintiff is seeking punitive damages against them in their individual capacity, he has failed to allege sufficiently malicious behavior to support a claim for punitive damages.

Defendants correctly contend that punitive damages are not recoverable against a municipality. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). As such, Plaintiff may not maintain a claim for punitive damages against Defendants in their official capacity as such a claim is actually one against the municipality under § 1983. *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1047 (11th Cir. 2008) ("In a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities.").

.

With respect to Plaintiff's claim for punitive damages against Defendants in their

individual capacity, the Court recognizes that

> [p]unitive damages are recoverable only in circumstances of extreme,
> outrageous conduct and are not recoverable merely upon a showing of
> negligence or an actionable tort. Punitive damages may be recovered where
> a defendant's conduct is accompanied by wanton, willful or malicious acts
> or the equivalent thereof.

*Kwak Hyung Rok v. Continental Seafoods, Inc.*, 462 F. Supp. 894, 899 (D.C. Ala. 1978). As

such, if the complaint fails to make sufficient allegations to support an award of punitive

damages, then the plaintiff's request for such relief should be stricken. *Id.* (striking request

for punitive damages).

In the Fourth Amended Complaint, Plaintiff alleges that Defendants acted with

deliberate indifference by not following impound procedures and by not informing him

that his vehicle and other property were being impounded or how he could repossess his

property. Plaintiff also alleges that Defendants acted with reckless disregard to his right

to property by releasing his money in the amount of $4,227.00 to Bankfirst. The Court finds

that Plaintiff's allegations against Defendants in their individual capacity are sufficient to

assert a claim for punitive damages. The Court notes, however, that it is making no

determination as to the merits of any of Plaintiff's claims, including his request for

damages. Accordingly, Defendants' Motion to Dismiss and Motion to Strike Plaintiff's

Claim for Punitive Damages (Doc. No. 99, filed March 23, 2009) is **DENIED IN PART AND**

**GRANTED IN PART.** To the extent Plaintiff is seeking punitive damages against

Defendants in their official capacities, the motion to strike Plaintiff's claim for punitive damages is granted. In all other respects, the motion is denied.

4.      Defendants Jill Farris, Brian Tooley, Nicole Robinson, Stacie Cabello Richardson, and Randy Smith ("Defendants") Motion for Extension of Time for Dispositive Motions Deadline (Doc. No. 118, filed April 29, 2009) is **GRANTED** as to these Defendants.[1]

(A)    All motions to dismiss and/or for summary judgment submitted by these Defendants shall be filed by **June 19, 2009.**

(B)    **On or before July 1, 2009,** Plaintiff shall file a statement entitled **"Pretrial Narrative Statement."** The Pretrial Narrative Statement shall contain:

     (a)    A brief general statement of the case;

     (b)    A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

     (c)    A list of all exhibits to be offered into evidence at the trial of the case;

     (d)    A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

     (e)    A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

---

[1]The Court notes that the discovery and dispositive motions deadlines imposed in this Order are not applicable to either Defendant Seminole Paint and Body, Inc., or Defendant City of Sanford because they were not served at the same time as the other defendants. A scheduling order will be entered at a later date as to these two defendants.

(f) A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

(g) A stipulation of facts/issues to be tried; and

(h) An estimated length of trial.

(C) **On or before July 15, 2009,** Defendants shall file and serve upon Plaintiff a **"Pretrial Narrative Statement,"** entitled as such. The Pretrial Narrative Statement shall comply with paragraph B (a) through (h).

(D) Failure of the parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial. The only exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

(E) If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph B of this order, paragraph C of this order shall be inoperative and Defendants shall notify the Court of Plaintiff's failure to comply.

5. Plaintiff has filed a Fourth Motion to Compel Documents (Doc. No. 117, filed April 24, 2009). It is hereby **ORDERED** that within **ELEVEN (11) DAYS** from the date of this Order, Defendant Brian Tooley shall file a response to the motion.

DONE AND ORDERED at Orlando, Florida, this ⎴ day of May, 2009.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 5/13

7

Denver Ivan Wilson
Counsel of Record