UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENVER IVAN WILSON,

Plaintiff,

v. CASE NO. 6:07-cv-1293-Orl-28KRS

JILL FARRIS, et al.,

Defendants.

---

**ORDER**

The case is before the Court on the following motions: (1) Plaintiff's Motion for Summary Judgment (Doc. No. 234); (2) Defendant Seminole Paint and Body Towing's ("Defendant" or "Seminole Towing") Motion for Summary Judgment (Doc. No. 236); and (3) Plaintiff's Motion to Strike Exhibit in Support of Motion for Summary Judgment[1] (Doc. No. 240). The parties filed responses in opposition to the motions. *See* Doc. Nos. 237, 241, & 242. As discussed more fully hereinafter, Defendant is entitled to summary judgment.[2]

*I. Standard for Summary Judgment*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment shall be

---

[1]Plaintiff requests the Court to strike the affidavit of Brian Hastings, which was filed as an exhibit to Defendant Seminole Towings' Motion for Summary Judgment. This Court has previously considered this issue in relation to the other Defendants and ruled that "portions of the affidavit of Brian Hastings which are hearsay will not be considered by the Court in ruling. . ." on dispositive motions. (Doc. No. 172 at 9.) Therefore, in accordance with the Court's September 19, 2009, Order, Plaintiff's Motion to Strike is granted in part and denied in part.

[2]Defendant Seminole Towing is the only remaining defendant in this action. The Court previously granted summary judgment to the other defendants. *See* Doc. No. 196.

granted if it appears that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing that there is no genuine issue of material fact lies on the moving party, and it is a stringent one. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rule 56(e) further provides as follows:

> When a motion for summary judgment is made and supported as provided on this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing there is a genuine issue of fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Essentially, the nonmoving party, so long as that party has had an ample opportunity to conduct discovery, must come forward with affirmative evidence to support its claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If, after the movant makes its showing, the nonmoving party brings forth evidence in support of its position on an issue for which it bears the burden of proof at trial that "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted).

## *I. Factual Background*[3]

Plaintiff's claim arises from his arrest on October 14, 2004, by the Sanford Police

---

[3]In considering the motions for summary judgment, the statement of facts is derived from the Fourth Amended Complaint, affidavits, and other evidence submitted by Plaintiff and Defendant in support of, or in opposition to, the dispositive motions.

Department ("Department") for the robbery of Bank First.[4] (Doc. No. 92 at 9-11.) Plaintiff was apprehended by police after he exited and ran from his 1995 Pontiac Grand Prix. *Id.* at 9. Thereafter, Defendant Stacie Cabello Richardson, an investigator with the Sanford Police Department, called Seminole Towing to tow Plaintiff's vehicle to an impound lot. (Doc. No. 157-2 at 28; Doc. No. 136 at 25.) On the towing sheet, Defendant Richardson placed Plaintiff's name and home address in the space for driver information but wrote unknown in the space for owner information. (Doc. No. 136 at 25.)

Seminole Towing towed the vehicle to its place of business, *see* Doc. No. 236-2 at 2, and Defendants Jill Farris and Nicole Robinson, crime scene technicians for the Sanford Police Department, subsequently inventoried Plaintiff's vehicle. (Doc. No. 92 at 9; Doc. No. 136 at 44; Doc. No. 1-2 at 5-10.) On October 18, 2004, after inventorying the vehicle, Defendant Farris released the police department's hold on the vehicle. (Doc. No. 136 at 49; Doc. No. 236-2 at 3.)

Al Van Nimwegen ("Nimwegen"), the owner of Seminole Towing, sought information concerning the ownership of the vehicle from the Florida Department of Motor Vehicles ("DMV"). (Doc. No. 236-2 at 3.) The DMV records indicated that the owner of the vehicle was Plaintiff and that his address was 2021 Cox Court, Oviedo, Florida 32754.[5] *Id.*; *see also* Doc. No. 37 at 28. Southside Autos, Inc. was also listed as a lien holder of the

---

[4]Plaintiff subsequently was convicted of the robbery of Bank First and sentenced to a forty-year term of imprisonment. (Doc. No. 149-2 at 5-6.)

[5]Plaintiff's address at the time the notice was sent was 2254 Overland Road, Apopka, Florida 32703. (Doc. No. 234 at 8.)

vehicle in the DMV records. *Id.* Nimwegen, who did not know Plaintiff's location at that time, sent notifications via certified mail to Plaintiff at the address contained in the DMV records and to Southside Autos, Inc., notifying them of the vehicle's location and that Seminole Towing had a lien in the amount of $365.05 for towing and storage charges.[6] *Id.* The notice mailed to Plaintiff was returned unclaimed. (Doc. No. 234-3 at 3.)

On October 26, 2004, Southside Autos, Inc. claimed the vehicle from Seminole Towing and paid Seminole Towing $600.45 for towing and storage charges. (Doc. No. 236-2 at 3-4. Seminole Towing released the vehicle and any property contained therein to Southside Autos, Inc. *Id.* at 4. Southside Autos, Inc. sent Plaintiff a Notice of Intent to Sell to his home address. (Doc. No. 136.) Thereafter, Southside Autos, Inc. sold the vehicle and disposed of its contents. (Doc. No. 37 at 29.)

## *II. Analysis*

Plaintiff asserts that Defendant violated his right to due process by failing to notify him that his vehicle had been towed and how he could redeem his vehicle and property. Defendant contends that it is entitled to summary judgment because it satisfied the requirements of due process, it did not sell Plaintiff's personal property or automobile, and Plaintiff had an adequate post-deprivation remedy.

The Fourteenth Amendment "prohibits a state from 'finally destroy[ing] a property interest without first giving the putative owner an opportunity to present his claim of

---

[6]Plaintiff's February 10, 2004, bill of sale from Southside Autos, Inc. indicates that Plaintiff's address was 2021 Cox Court, Oviedo, Florida. (Doc. No. 234-4 at 5.)

entitlement.'" *McKee v. Heggy*, 703 F.2d 479, 481 (10th Cir. 1983) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982) (footnote omitted)). Moreover, "'the 'right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest'. . . .'" *Id.* (quoting *Greene v. Lindsey*, 456 U.S. 444 (1982)). "Due process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citing *Dusenbery v. United States*, 534 U.S. 161, 170 (2002)). Instead, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Generally, notice is sufficient if mailed to an address reasonably believed to be that of the intended recipient." *VanHorn v. D.E.A.*, 677 F. Supp. 2d 1299, 1310 (M.D. Fla. 2009). "However, if notice sent by certified mail is returned unclaimed, the government must take 'additional reasonable steps' if practicable to provide a property owner with notice." *Id.* (quoting *Flowers*, 547 U.S. at 235).

In *Robinson v. Hanrahan*, 409 U.S. 38 (1972), the Court considered whether notice of forfeiture proceedings against an arrestee's vehicle mailed to the arrestee's home address was sufficient to satisfy due process requirements when the arrestee was incarcerated. The Court determined:

> In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made

> any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings.

*Hanrahan*, 409 U.S. at 40.

In this case, unlike *Hanrahan*, the evidence demonstrates that Defendant Seminole Towing did not know Plaintiff's location. *Cf. Hanrahan*, 409 U.S. at 38 (noting that the State knew the plaintiff was in jail but instituted forfeiture proceedings and mailed notice of the pending forfeiture to the plaintiff's home address). As such, pursuant to the provisions of Section 713.78, Florida Statutes,[7] which pertains to liens for towing and storing vehicles, Seminole Towing sent Plaintiff a notice of its lien via certified mail to Plaintiff's address as contained in the DMV records. Unquestionably, other forms of notice were available. For instance, Seminole Towing could have re-sent the notice to Plaintiff's address by regular mail or attempted to determine if Plaintiff was incarcerated, and if so, where he was being detained.[8] Despite the availability of such additional steps, however, the Court concludes

---

[7]Section 713.78(4)(a), Florida Statutes provides in pertinent part:

> Any person regularly engaged in the business of recovering, towing, or storing vehicles or vessels who comes into possession of a vehicle. . . , and who claims a lien for recovery, towing, or storage services, shall give notice to the registered owner, the insurance company insuring the vehicle notwithstanding the provisions of s. 627.736, and to all persons claiming a lien thereon, as disclosed by the records in the Department of Highway Safety and Motor Vehicles or of a corresponding agency in any other state.

§ 713.78(4)(a), Fla. Stat. (2004).

[8]Of course, had Seminole Towing re-sent the notice by regular mail to the address contained in the DMV records or to any other address of Plaintiff's, it is questionable that even then, Plaintiff would have received such notice given that he was incarcerated.

that these additional steps were not required under the circumstances of this case, *i.e.*, a lien action, as opposed to the facts in *Flowers, i.e.*, a tax sale without actual notice to a homeowner who lived elsewhere. The Court concludes that the notice sent to Plaintiff was reasonably calculated to apprise Plaintiff of the location of his vehicle and how he could redeem it. *See, e.g., Johnson v. Bradshaw*, 5 F.3d 537, 1993 WL 321715, at *2 (9th Cir. 1993) (concluding that "[t]he fact that [towing company owner] sent a certified letter to the proper address and . . . published an announcement of the pending sale were sufficient to discharge [the towing company owner's] notice responsibilities.").

Furthermore, as distinguished from *Hanrahan* and *Flowers*, Seminole Towing did not destroy or deprive Plaintiff of his property interest in the vehicle. Instead, Seminole Towing simply released the vehicle to Southside Autos, Inc., the record lien holder. Thereafter, Southside Autos, Inc. sold the vehicle and disposed of the property in the vehicle. In other words, a government actor did not extinguish Plaintiff's property interest by selling the vehicle via a forfeiture proceeding, but the lien holder of the vehicle did so after redeeming the vehicle from Seminole Towing. *Cf. Flowers*, 547 U.S. 220 (2006) (concluding that the State must as a matter of due process take additional steps to provide notice to property owner before *selling* the property when the mailed notice of tax sale is returned unclaimed); *Hanrahan*, 409 U.S. at 38 (noting that the State ordered the *forfeiture and sale* of the plaintiff's vehicle).

Finally, the Eleventh Circuit has recognized that "'[e]ven assuming the continued retention of [the] plaintiffs' personal property is wrongful, no procedural due process

violation has occurred if a meaningful postdeprivation remedy for the loss is available.'" *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)). Section 713.78(5)(a), Florida Statutes, permits a vehicle owner to file a complaint in the county court within ten days of learning the location of the vehicle "to determine if her or his property was wrongfully taken or withheld from her or him." Moreover, "'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." *Id.* (quoting *Lindsey*, 936 F.2d at 561). Pursuant to Florida law, a towing company may be liable for conversion of a vehicle. *See, e.g., Desvigne v. Downtown Towing Co.*, 865 So. 2d 541 (Fla. 3rd DCA 2003) (holding that the plaintiff was entitled to damages in action for conversion brought by motorist whose vehicle was towed by company and later sold at auction without notice). As such, Plaintiff's claim against Defendant Seminole Towing is subject to dismissal because Plaintiff had access to adequate postdeprivation remedies pursuant to state law, and thus, no procedural due process violation has occurred.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Strike Exhibit in Support of Motion for Summary Judgment (Doc. No. 240) is **GRANTED IN PART AND DENIED IN PART.**

2. Defendant Seminole Towing's Motion for Summary Judgment (Doc. No. 236) is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment (Doc. No. 234) is **DENIED.**

3. The **Clerk of the Court** is directed to enter judgment in favor of Defendant Seminole Paint and Body Towing and against Plaintiff and to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 30 day of August, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/30
Denver Ivan Wilson
Counsel of Record